Ryan West (Utah Bar No.10398)
CORVUS LAW GROUP, LLC
15 West South Temple Suite 1000
Salt Lake City, Utah 84101
888-315-4735 (tel)
888-316-0929 (fax)
*Attorney for Plaintiff*

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DAVID R. TRESKO,<br><br>*Plaintiff*,<br><br>v.<br><br>BANK OF AMERICA, NA, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,<br><br>*Defendants*. | **COMPLAINT**<br><br>Civil No. 2:10-cv-00906<br><br>Hon. Paul Warner |

Plaintiff, David R. Tresko, by and through counsel, Ryan West, complains of Defendants, and for cause of action alleges as follows:

**PARTIES, JURISDICTION, VENUE**

1.  Plaintiff David R. Trasko is an actual citizen of Utah, whose address is 2922 E Lookout Dr., Eagle Mountain, Utah 84005.

2.  Defendant, Bank of America, NA (hereafter "Bank of America") is a National Association, organized under the laws of the United States of America, with its principal place of

business in Charlotte, North Carolina and at all times relevant herein was doing business in the State of Utah.

3. Defendant Mortgage Electronic Registration Systems hereafter "MERS" is a Delaware corporation with its principal place of business in Virginia and at all time relevant herein was doing business in the State of Utah. MERS purports to be the Beneficiary of the Trust Deed, Exhibit "B" hereto.

4. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §2201, §78B-6-401 et seq.(declaratory judgment) and §78B-6-1301 et seq. (quiet title), Utah Code Ann. 1953., and 28 U.S.C. §1332(a). This Court also has, pursuant to 28 U.S.C. §1367, supplemental jurisdiction over all other claims that are so related to claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

6. This Court also has jurisdiction over this action pursuant to 28 U.S.C. §1331. One or more parties to this action are national associations or institutions federally regulated under 12 U.S.C. §§ 2601 et seq. (RESPA) and 15 U.S.C. §§ 1601 et seq. (TILA).

7. Venue is proper in the Central Division of the United States Court for the District of Utah, pursuant to 28 U.S.C. §1391(c).

**BACKGROUND FACTS**

8. Plaintiff purchased for value and is the owner of the property located at 17808 111th Avenue SE, Renton, Washington, in King County (hereinafter "the subject property") under

a deed thereto made and recorded on September 13, 2006, Entry #20060913002084 in the King County Recorder's Office, a copy of which is attached hereto as Exhibit "A."

9. On or about March 31, 2008, Plaintiff executed a Promissory Note (hereinafter "the Note") in favor of Bank of America (hereinafter "Lender"). Bank of America Home Loans purports to be the successor in interest thereof. On information and belief, the original of said Note was then retained by Lender.

10. On or about March 31, 2008, Plaintiff made and delivered the Deed of Trust (hereinafter "the Trust Deed"), conveying the subject property in trust for the purposes recited therein to PRLAP, INC. as Trustee. Said Trust Deed was thereafter recorded in the King County Recorder's Office.

11. Said Trust Deed names as beneficiary thereof defendant MERS acting solely as nominee for Lender and Lender's successors and assigns, and the successors and assigns of MERS.

12. MERS is a private corporation that administers the MERS system, a national electronic registry that tracks the transfer of ownership interests and servicing rights in mortgage loans. Through the MERS system, MERS purports to become the mortgagee of record for participating members through assignment of the members interests to MERS. The lenders initially retain the loan obligations as well as the servicing rights to the mortgages. The lenders can then sell these interests to investors.

13.     The first position Trust Deed recites that the beneficiary of this security instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS and

"Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of these interests, including, but not limited to, the right to foreclose and sell the property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument."

14.     A Servicer was designated as Bank of America Home Loans for the loan ("Servicer") to act as their representative/agent for the holders of the respective Note and the corresponding Trust Deed.

15.     Upon information and belief, Lender was provided a line of credit by undisclosed warehouse lenders, pending pooling of the Note with other such instruments, and sale of the pooled instruments as securities to unknown investors.

16.     Upon information and belief, the Lender has been reimbursed all sums advanced by each of them in connection with the Note.

17.     Upon information and belief Lender's function was limited to obtaining the Note, in exchange for a fee, as a preliminary step to "securitization" of the debt as described herein.

18.     Upon information and belief, the debt was pooled with similar debts pursuant to a Pooling and Servicing Agreement between Lender and Servicer, in which Servicer purported to act as Trustee of a Trust created thereby, for the purpose of selling such debts as securities to

investors, and appointing a "Servicer" of the pooled debts, and a "Custodian" of the Notes evidencing such debts, for the benefit of such investors.

19.     Such investors and/or the person or persons unknown who sold such securities have obtained insurance against default on the underlying obligations in the form of a "credit default swaps" or other credit enhancements.

20.     The cost of such credit default swap or other credit enhancement was, as applicable to the subject loan, charged to borrower.

21.     Notwithstanding the transfer of the obligation under said Note as herein described, no transferee thereof has recorded a copy of any security agreement providing any security interest in either the first position Trust Deed (hereinafter "Trust Deed") or any appropriate affidavits, pursuant to Section § 70A-9a-607(2), Utah Code Ann.1953, in order to perfect any right of enforcement under § 70A-9a-607(1), Utah Code Ann. 1953.

22.     As a result of the transfer of the Note as part of these securities transactions, and of the lack of such recordings, Lenders and defendants are not the present owners of the debts under the respective Note or the obligees thereon. Named defendants, or one of them, are a mere custodian of the Note for others. Plaintiff, and, upon information and belief, defendants, do not know who is or are the present owners of the respect debts evidenced by the Note, or the obligees thereon.

23.     Named Defendants, or one of them is a mere custodian of the Note for others.

24.     Upon information and belief, the said Trust Deed was not assigned or transferred of record in whole or in part.

25. Plaintiff having a right under the Note and federal law to do so, demanded of the Servicer, who purports to have a relationship in the nature of agency with persons to whom the debt and/or Trust Deed may be assigned, and/or persons in fiduciary relationships to such assignees, all information and records showing transfer of such debt to any person or persons, for the purposes, among others, of determining the proper persons to receive payments under the Note, or to negotiate payment or reinstatement of the obligation, or to obtain acknowledgment of proper application of payments. The aforementioned demand letters are attached as Exhibit "D." No qualified response was provided.

26. Through the conduct descried in this Complaint, Defendants have attempted to collect on a debt to which they are not legally entitled as they have no knowledge of proper payments and credits to the debt, and they are not the proper parties entitled to enforce the Note.

27. The obligations of the Plaintiff are not owed to the Defendants who are claiming interest. There is no perfected interest as to the true Note Holder.

28. Neither the investors in the mortgage backed securities nor any other entity or person who had a right to payment from the Plaintiff or who was a lawful beneficiary under the Trust Deed ever declared a default of the note executed by Plaintiff and no true beneficiary with a beneficial interest under the Trust Deed ever declared a default under the Note and Trust Deed and no proper beneficiary under the Trust Deed ever declared a default under the Note and Trust Deed and no proper beneficiary under the Trust Deed ever directed or will ever direct a sale of the property owned by Plaintiff in which MERS is named as beneficiary or nominee of the beneficiary/lender at issue in their action.

## FIRST CAUSE OF ACTION: ESTOPPEL/ DECLARATORY JUDGMENT

29.     Plaintiff incorporates herein by reference paragraphs all hereinabove.

30.     The Servicers of the respective Note purport in the Trust Deed to have a relationship in the nature of agency with persons to whom the Note and/or Trust Deed may be assigned, and/or persons in fiduciary relationships to such assignees.

31.     By permitting the respective Servicers to so represent their respective capacities, both the first and second position defendant Beneficiaries (hereinafter "defendant Beneficiaries") and any respective assignees have conferred upon each respective Servicer the right and obligation to disclose and assert the interests of such assignees as necessary to protect such interests.

32.     The refusal of the Servicers, upon demand, to disclose such interests is binding upon their respective assignees.

33.     The result of such behavior by Servicers, defendant Beneficiaries, and such assignees, is to subject borrowers and their successors in title, to risks, abuses, and prejudice, and to render impossible proper discharge of the debt.

34.     As a result of such behavior, defendant Beneficiaries, and such assignees, including those served by publication herein, are estopped to assert any present default on the Note, or power of sale under the Trust Deed.

35.     An actual controversy exists between Plaintiff and defendants regarding the amenability of the subject property to sale by defendants, which may be resolved by the Court pursuant to 28 U.S.C. § 2201, § 78B-6-401, et seq., Utah Code Ann. 1953 (Supp. 2008).

36. The Court should appropriately advance this matter on the calendar as provided by Rule 57, F.R.C.P., and promptly enter its Order declaring that defendants, lack any interest under the Trust Deed which may be enforced by lien upon or sale of the subject property.

## SECOND CAUSE OF ACTION: DECLARATORY JUDGMENT

37. Plaintiff incorporates herein by reference all paragraphs hereinabove.

38. The Bank is not a Trustee of any existing Trust, and Defendants, the Servicers and defendant beneficiaries:

a. do not know whether a default had occurred, or had been declared by the actual owners of the debts evidenced by the Note;

b. lack authority to declare a default or otherwise pursue collection of the debts evidenced by the Note;

c. lack authority to sell the subject property or to distribute any proceeds thereof;

d. are not entitled to any of such proceeds on their own account;

e. cannot give trustee's deeds which were free and clear of the debts evidenced by the Note;

f. cannot give an enforceable release of the Trust Deed.

39. In the event that any investor in the debt evidenced by the Note, or any assignee of an interest in the Note, did not obtain assignment of the Trust Deed, the obligation under the Note, has to that extent, become unsecured, and the Note and Trust Deed, may not be foreclosed.

40. Plaintiff, at any time relevant hereto, by diligent search or otherwise, could not have discovered, without the assistance of Servicers and, consequently, the named defendants,

the identities of any assignee of any interest in the Note or Trust Deed, or the present holders(s) of the Note, or the interest of such person as a result of any such assignment. Plaintiff was thereby prevented from properly discharging the debt.

41. An actual controversy exists between Plaintiff and defendants regarding the amenability of the subject property to sale by defendants, which may be resolved by the Court pursuant to 28 U.S.C. § 2201, § 78B-6-401, Utah Code Ann. 1953.

42. The Court should appropriately advance this matter on the calendar as provided by Rule 57, F.R.C.P., and promptly enter its Order declaring that defendants lack any interest under the Trust Deed which may be enforced by lien upon or sale of the subject property.

### THIRD CAUSE OF ACTION: QUIET TITLE

43. Plaintiff incorporates herein by reference all paragraphs hereinabove.

44. The transfer of the debt as part of securities, subjects Plaintiff to potential multiple and unpredictable recoveries or attempts to recover, against the subject property.

45. The failure of Beneficiaries and Trustee to retain any interest in the obligations under the Note voided any title or power they might have under the Trust Deed, and rendered the Trust Deed unenforceable by them.

46. The inability of Plaintiff to safely discharge any lien of the Trust Deed against the subject property in favor of assignees of interests in the Note and Trust Deed, and the threat of multiple recoveries or attempts to recover against the subject property constitute a cloud on Plaintiff's title which can only be removed by requiring all such assignees to appear and assert their interests and the extent to which any obligation owing to them has not been discharged by

payment, including collections on insurance against default, or, failing such assertion of claims, entry of a decree of quiet title freeing the subject property from the liens of such obligations.

47. The Court, pursuant to § 78B-6-1301 et seq., Utah Code Ann (1953) (Supp. 2008), should enter its Order herein forthwith quieting title to the subject property in Plaintiff and against defendants, freeing title to the subject property of the liens of the Trust Deed and leaving any obligations under the Note unsecured by any interest in the subject property.

## FOURTH CAUSE OF ACTION: ACCOUNTING

48. Plaintiff incorporates herein by reference all paragraphs hereinabove.

49. Plaintiff seeks a full accounting for the transfers of their promissory note and the securitization of their promissory note.

50. Lender has attempted to finesse this issue by providing only a printout of some unsubstantiated computer records maintained by Servicer. But the other issues raised by Plaintiff as to whether payments are being allocated and transmitted properly to the Creditor or whether third parties made some payments either with or without right of subrogation (further clouding title issues for Plaintiff) remain obscured by these defendants.

## FIFTH CAUSE OF ACTION: REFUND, FEES AND COSTS

51. Plaintiff incorporates herein by reference all paragraphs hereinabove.

52. The Trust Deed has been unenforceable by defendant Beneficiaries and Trustee from the first transfer of the debt as set out hereinabove.

53. Defendant Beneficiaries' and Trustee's pretenses of authority to foreclose, or attempt to foreclose, under the Trust Deed were fraudulent.

54. Defendant Beneficiaries' assertions to the Court herein that it holds and is entitled to enforce the obligations of the Note would constitute a fraud upon the Court, subjecting defendants to sanctions and imposition of fees and costs under Rule 11, F.R.C.P., and § 78-5-825, U.C.A. (1953).

55. The Court should enter its Order herein forthwith to Defendant Beneficiaries, jointly and the debt and the Trust Deed.

**WHEREFORE**, Plaintiff prays that the Court enter its Order herein:

1. Enjoining further dispositions of the subject realty pending resolution hereof;

2. Declaring that Defendant Beneficiaries lack any interest in the subject property which permitted them to foreclose, or attempt to foreclose, the Trust Deed and/or to sell the subject property;

3. Terminating all present collection activities under any security in the subject property and enjoining any further such collection actions not originated by the owners of the debt;

4. Declaring that the Trust Deed are not liens against the subject property, ordering the immediate release of the Trust Deed of record, and quieting title to the subject property in Plaintiff against defendants and all claiming by, through, or under them;

5. Refunding to Plaintiff from Defendant Beneficiaries, jointly and severally, all fees and charges paid under the Trust Deed, and awarding Plaintiff costs of the action, including a reasonable attorney's fee; and

6. For such other and further relief as the court deems just in the premises.

RESPECTFULLY submitted on the 14 day of September, 2010.

   /s/ Ryan West
Ryan West - *Attorney for Plaintiff*